Jennifer R. Erickson - 015045
jerickson@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

Attorneys for Defendant GEICO Indemnity Company

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie Elizabeth Lopez, | Case No.: |
| Plaintiff, | |
| vs. | **Notice of Removal** |
| GEICO Indemnity Company, a Foreign Corporation; John Does and Jane Does I-X; Black Partnerships I-V; White Corporations I-V, | (Assigned to the Honorable John Hannah) |
| Defendant. | |

Defendant GEICO Indemnity Company, through undersigned counsel, hereby files its Notice of Removal of this Action to the United States District Court for the District of Arizona and state as follows:

1.      On or about February 6, 2018, Plaintiff filed a Complaint alleging breach of contract in the Superior Court of the State of Arizona, County of Maricopa under the caption "Julie Elizabeth Lopez v. GEICO Indemnity Company, et al."  A copy of all of the initial pleadings filed by Plaintiff is attached hereto as Exhibit A.

2.      Defendant GEICO Indemnity Company signed an acceptance of service on March 22, 2018.  A copy of the Acceptance of Service is attached as Exhibit B.

3.      Defendant GEICO Indemnity Company is a foreign corporation with its principal place of business in Chevy Chase, Maryland.  Plaintiff is a resident of Maricopa

County, Arizona.

     4.     This Court has original jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 in that Plaintiff alleges the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the action is between citizens of different states.  As such, this action may be removed to this Court pursuant to the provision of 28 U.S.C. § 1441, et seq.

     5.     This Notice of Removal is filed within thirty (30) days after service of the Complaint and is therefore timely filed under 28 U.S.C. § 1446(d).

     6.     Written notice of the filing of this Notice of Removal will be given to all adverse parties as required by law and a true and correct coy of this Notice will be filed with the Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa.

     7.     A Notice of Filing Notice of Removal was filed with the Superior Court and a copy of the same is attached as Exhibit C.

     WHEREFORE, Defendant GEICO Indemnity Company respectfully requests that this action be removed to this Court.

     Dated this 4th day of April, 2018.

JENNINGS, STROUSS & SALMON, P.L.C.


By s/ Jennifer R. Erickson
    Jennifer R. Erickson
    Attorneys for Defendant GEICO
    Indemnity Company


### *Certificate of Service*

I hereby certify that on 4th day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

2

6011608v1(88888.917)

Ilya E. Lerma, Esq.
Law Office of Ilya E. Lerma, Esq., LLC
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022
Ilya@ilyalaw.com
Attorneys for Plaintiff


s/ Bonnie M. Simpson, Legal Assistant
Bonnie M. Simpson, Legal Assistant

3

# EXHIBIT A

COPY

1  Ilya E. Lerma, Esq. (Bar 019573)

2  **LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**
   Mail: 610 East Bell Road, Suite 2-484

3  Phoenix, Arizona 85022
   Physical: 16624 N. 90th Street

4  Scottsdale, AZ 85260

5  Phone: 602-899-3035
   Fax: 602-899-3065

6  Ilya@ilyalaw.com
   *Attorney for Plaintiff*

7

FEB 0 6 2018



MICHAEL K. JEANES, CLERK
G. RAMIREZ
DEPUTY CLERK

8

9       ### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10      ### IN AND FOR THE COUNTY OF MARICOPA

11  JULIE ELIZABETH LOPEZ,

12              Plaintiff,

13  vs.

14

15  GEICO INDEMNITY COMPANY, a foreign
    corporation; JOHN DOES and JANE DOES

16  I-X; BLACK PARTNERSHIPS I-V;
    WHITE COPORATIONS I-V,

17              Defendant.

18

**Case No.:**

CV 2018-051557

**COMPLAINT**
*(Tort: Breach of Contract;*
*Insurance Bad Faith)*

19      Plaintiff Julie Elizabeth Lopez in her complaint against Defendant GEICO

20  INDEMNITY COMPANTY alleges the following:

21              ### PARTIES, JURISDICTION & VENUE

22

23      1.  At all material times, Plaintiff Julie Lopez ("Julie") was unmarried and resided in

24  the State of Arizona, County of Maricopa.

25      2.  Defendant GEICO Indemnity Company ("GEICO"), a subsidiary of Berskshire

26

27  Hathaway, is corporation duly organized under the laws of the State of Maryland and

28  licensed to conduct business in the State of Arizona, County of Maricopa.

1

3. At all relevant times, Julie (also referred to herein as "Plaintiff") was an insured driver under a policy of insurance with Defendant GEICO. All claims asserted arise out of this contract of insurance entered into within the State of Arizona to provide uninsured (UM) and underinsured (UIM) coverage in Arizona.

4. Defendants John Does I-X and Jane Does I-X, Black Partnerships I-V, and White Corporations I-V are fictitious persons or entities whose conduct caused or otherwise contributed to Plaintiff's damages herein. Plaintiff reserves the right to seek leave of Court to supplement the true identities of fictitious persons or entities herein sued upon when their true identity becomes known or otherwise ascertained.

5. All acts, omissions and conduct alleged herein occurred in the State of Arizona, County of Maricopa.

6. The amount in controversy exceeds the Court's minimum jurisdictional amount.

7. The counts set forth herein arise out of express and implied contracts and agreements entitling the prevailing party to an award of attorney fees pursuant to A.R.S. § 12-341.01 and the unreasonably withheld policy benefits.

8. Pursuant to Ariz. R. Civ. Pro. R. 8(b)(2) the Plaintiff alleges qualification under *Tier III* as defined by R. 26.2(c)(3).

## THE INSURANCE POLICY & COVERAGE

9. All foregoing allegations are repeated and re-alleged as if more fully set forth below.

2

10. Julie was a named insured driver listed under GEICO Policy No. 4119-59-07-45 ("the Policy"). The premium payments were timely made in exchange for selected coverages.

11. The Policy provided for $100,000.00/$300,000 per-person/per-incident limits for Uninsured and Underinsured Motorist (UM/UIM) coverage.

12. In the Policy, **SECTION IV-Uninsured[1] Motorist Coverage,** states, in part:

> *"We will pay damages for **bodily injury** caused by accident which the insured is legally entitled to recover from the owner or operator of an **uninsured auto. . ."***

## ALLEGATIONS COMMON TO ALL COUNTS

13. All foregoing allegations are repeated and re-alleged as if more fully set forth below.

14. On June 10, 2014, Julie was seriously injured in a motor vehicle crash occurring in Maricopa County, Arizona and caused by the negligence of a third-party.

15. The crash occurred as Julie traveled southbound on 35th Avenue in Phoenix, Arizona near the intersection with Tierra Buena. Approaching the intersection near the posted speed limit of 35 mph, the at-fault driver negligently attempted to cross in front of heavy cross-traffic at a high rate of speed and crashed into the front of Julie's vehicle. Julie's vehicle was propelled forward into a third vehicle located at the intersection.

---

[1] No separate terms for underinsured coverage appears in the policy that is distinct from explanations and for uninsured coverage.

3

16. Julie suffered multiple significant and permanent injuries, as a result of the crash including traumatic brain injury, post-concussive syndrome and mild cognitive disorder as well as multiple physical injuries including cervical radiculopathy.  Julie claims that the symptoms and injuries, have had sporadic improvement, specifically those related to the head injury have generally worsened over time.

17. Julie's children Christina Chatman, almost 10 years old on the date of the crash, and her nearly two-year-old son, Malachi Wilkes, were in her vehicle at the time of the crash. Christina also sustained injuries.

18. The at-fault motorist policy of insurance was insufficient to cover the severity of Julie's injuries and the multitude of claims presented. Julie was forced to accept a reduced pro-rata share and following resolution of the third-party claims.  A demand for her GEICO UIM policy benefits was subsequently made.

19. GEICO acknowledged receipt of UIM motorist demand dated December 9, 2016, and requested additional time and medical documentation to review the claim for settlement under her policy.

20. Approximately two weeks later, Julie's counsel reiterated the demand for limits in correspondence dated December 22, 2016 and GEICO responded by requesting additional documentation from two of Julie's medical providers.

21. The next day, on December 23, 2016, another communication indicated that the GEICO evaluation was "completed" and the adjuster raised concerns over Julie's "discrepancies" in the level of impairment, including symptoms worsening over time and

4

"new complaints" being presented.  GEICO requested a (5) five-year medical history to include all records for treatment including:

- neurological
- chiropractic
- physical therapy
- pain management and
- primary care
- psychological treatment

22.  GEICO additionally requested photographs and estimates of repairs to Julie's vehicle and the at-fault driver's vehicle and a comprehensive set of authorizations for each medical provider to be completed.

23.  On January 20, 2017, GEICO was provided complete HIPPA complaint medical authorizations to obtain medical records directly from her providers.

24.  Through February and March 2017, Julie's counsel worked to secure a response to the December demand for policy limits.   Over the course of the next several months, GEICO delayed their "open" investigation and painstakingly sought to obtain more and more historical documentation and additional authorizations for release of medical information.  All requests were met but no offer was forthcoming.

25. On April 26, 2017, GEICO indicated that they would complete "peer review" prior to extending any offer.

26. On June 10, 2017, GEICO, relying on its "peer review", significantly discounted Julie's treatment and GEICO responded to the policy limit demand by offering $ 40,000.00---less than half of the value of the policy.

5

27. Supplemental information and negotiations occurred with Julie's counsel urging GEICO to look closely at the diagnosis and treatment as well as severity of the crash. GEICO took several additional weeks indicating that they would seek an "amended report" and referencing its "peer review" process. Ultimately, GEICO returned nearly two months later with the same offer.

28. Subsequent negotiations followed but the benefit of policy benefits that would have financially benefitted Julie has been lost. GEICO employed delay tactics to financially burden their insured and force her into accepting far less than the limits of her policy and the value of her claim.

29. During its claims' handling, Defendant GEICO repeatedly engaged in conduct prohibited under Arizona law. Specifically, A.R.S. § 20-461, Arizona's Unfair Claim Practices Statute, proscribes certain types of conduct by insurer's in the claims adjustment process and though the statute does not create a private cause action, the statute clearly prohibits insurers from engaging in specific types of conduct in the claims' process, *including,* but not limited to, the following tactics employed by GEICO:

> a. Refusing to timely pay claims without conducting a reasonable
>    investigation based upon all available information;
>
> b. Not attempting in good faith to effectuate prompt, fair or equitable
>    settlement of claim brought by the insureds;

6

c. Failing to promptly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

29. Extending offers for UIM benefits substantially below the true and actual value of the claims, Julie has been forced to seek access to her contract benefits via the present action.

30. Julie dutifully paid premiums and complied with all aspects of requested claims' handling procedures only to be delayed for over a year following the initial demand.

31. As a direct and proximate result of the claims' handling of Defendant GEICO, Julie has been and continues to be deprived of benefits for which she paid premiums and suffered monetary and other damages as a result of Defendant GEICO's failure to pay.

## COUNT I
### *(Breach of Contract-UIM)*

32. All foregoing allegations are repeated and re-alleged as if more fully set forth below.

33. Defendant GEICO breached the Policy by failing to extend UIM offers of settlement sufficient to pay for damages incurred as a result of the crash for *necessary medical* care as stated under the policy. The insureds have been deprived of the benefits of the policy for which they paid a premium and are forced to pursue recovery via the present action.

7

34. Julie sustained severe and permanent injury as a direct and proximate result of the negligence of an underinsured motorist and is therefore entitled to UIM benefits pursuant to the Policy.

35. As a direct and proximate result of Defendant GEICO's breach of contract, Plaintiffs incurred losses damages in an amount to be proven at trial, including Policy coverage limits of $100,000.00 per person, and statutory interest and attorney fees pursuant to A.R.S.§ 12-341 and 12-341.0.1.

## COUNT II
*(Tort of Bad Faith/Breach of Covenant of Good Faith and Fair Dealing)*

36. All foregoing allegations are repeated and re-alleged as if more fully set forth below.

37. The covenant of good faith and fair dealing, inherent in every insurance contract, requires an insurer to deal fairly with its insured and give *equal* consideration to the interest of its insured as to its own business and pecuniary interest.

38. At all times, Defendant GEICO knew that among the purposes of insurance is to extend peace of mind and financial security to their insureds. In spite of such knowledge, Defendants acted intentionally and with reckless indifference to Julie's rights and interests and her vulnerable economic, medical and financial position and denied, delayed, diminished and failed to pay losses known to be covered.

39. GEICO employed, utilized and relied upon a "peer review" method that was slated against the interest of its insured. GEICO favored their "peer" review of records over direct examinations of Julie's medical providers. GEICO weighing their paid "peer

8

reviewers" over and above the objective findings of Julie's caregivers and subverted Julie's well-being in order to preserve its own pecuniary interest.

40. Defendant GEICO's conduct over the life of the claim, affirms a clear pattern of delay and paltry low offers and preference for denial designed to undermine the security of their insured and deprive her of the benefits for which she paid a premium.

41. Defendant GEICO breached the covenant of good faith by engaging in conduct that included, but was not limited to:

   a. Placing their interests, primarily financial, ahead of Julie's;

   b. Repeatedly failing to adequately and timely investigate Julie's claims or timely respond to demands for settlement;

   c. Failing to pay medical expenses at a time Defendant knew Julie was entitled to such benefits under the terms of the policy and Arizona law;

   d. Unreasonably delaying payment and the creating vague, burdensome and arbitrary barriers to the claims' handling process;

   e. Extending offers far below actual damages without a legitimate basis;

   f. Failing to fully, fairly and timely investigate Plaintiff's claims;

   g. Failing give equal consideration to the information gathered during the course of investigation and instead adopting a preference for its own business interests;

   h. Failing to effectuate a prompt, fair and equitable settlement of claims;

   i. In such other manner as may be proven at trial.

9

42. The delay and low offers extended in settlement of UIM benefits and the denial and delay of claims lacked any reasonable basis.

43. The acts and omissions committed by Defendant GEICO constitutes a conscious disregard for the rights of their insureds.

44. The pattern of conduct by Defendant GEICO outlined above was aggravated, outrageous, malicious, fraudulent and/or willful and guided by evil motive(s).

45. The malicious pattern of conduct engaged by Defendant GEICO further included, but was not limited to, the unreasonable delay in the payment of claims, adopting or otherwise endorsing use of claims' processes that were needlessly burdensome, duplicative, confusing, and generally pursuing a course of conduct that delayed, unreasonably diminished or restricted access to benefits owed under the Policy. Such conduct entitles Plaintiff to an award of punitive damages.

46. As a direct and proximate result of the bad faith committed by Defendant GEICO, Plaintiff suffered compensatory damages in the amount of coverage limits applicable under UIM provisions of the Policy, direct and consequential damages for the delay and withholding of benefits, general and punitive damages as well as attorney fees and costs pursuant to A.R.S.§ 12-341 and 12-341.0.1.

**WHEREFORE**, Plaintiff requests judgment be entered against Defendant GEICO, as follows:

A. For benefits of the UIM limits of the underlying Policy;

B. For Special damages in an amount to be determined at trial;

10

C.  For General damages in an amount to be determined at trial and to include those compensatory losses for the mental and emotional distress, anxiety, worry, loss of time, etc. and all other recoverable damages;

D.  For Prejudgment interest;

E.  For Punitive and exemplary damages in an amount that is fair and just against Defendant GEICO;

F.  For Reasonable attorney fees pursuant to A.R.S. § 12-341.01 or express contractual provision;

G.  For all Taxable costs incurred; and

H.  Such other and appropriate relief as the Court may deem just and proper.

Dated this 3rd day of February, 2018.

LAW OFFICE OF ILYA E. LERMA, ESQ., LLC

Ilya E. Lerma, Esq.
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022
*Attorney for Plaintiff*

11

1  Ilya E. Lerma, Esq. (Bar 019573)
2  **LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**
   Mail: 610 East Bell Road, Suite 2-484
3  Phoenix, Arizona 85022
   Physical: 16624 N. 90th Street
4  Scottsdale, AZ 85260
   Phone: 602-899-3035
5  Fax: 602-899-3065
   Ilya@ilyalaw.com
6  *Attorney for Plaintiff*
7

8        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9            **IN AND FOR THE COUNTY OF MARICOPA**
10

11 JULIE ELIZABETH LOPEZ,
                                           **Case No.:**
12        Plaintiff,

13
   vs.
14                                         CV 2018-051557

15 GEICO INDEMNITY COMPANY, a foreign       **S U M M O N S**
   corporation; JOHN DOES and JANE DOES    If you would like legal advice from a lawyer,
16 I-X; BLACK PARTNERSHIPS I-V;            Contact the Lawyer Referral Service at
                                                    602-257-4434
17 WHITE COPORATIONS I-V,                            or
        Defendant.                          www.maricopalawyers.org
18                                                Sponsored by the
                                           Maricopa County Bar Association
19        **THE STATE OF ARIZONA TO THE DEFENDANTS:**
20
             **GEICO INDEMNITY COMPANY**
21                **JOHN DOES I-X**
                  **JANE DOES I-X**
22            **BLACK PARTNERSHIPS I-V**
23            **WHITE CORPORATIONS I-V**

24

25

26 **WARNING: This is an official document from the court that affects your rights.**
27
   **Read this carefully. If you do not understand it, contact a lawyer for help.**
28

                               1

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or the Office of the Clerk of the Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane, Surprise, Arizona 85374. Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

2

4.   You can get a copy of the court papers filed in this case from the Plaintiff Attorney: Ilya E. Lerma, Esq.

**LAW OFFICE OF ILYA E. LERMA, ESQ.**

GATE6 CORPORATE OFFICES

16624 N. 90TH Street, Suite 111

Scottsdale, AZ 85260

**OR** from the Clerk of the Superior Court's Customer Service Center at 601 W. Jackson, Phoenix, Arizona 85003; OR at 222 E. Javelina Drive, Mesa, Arizona 85210.

5.   Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

SIGNED AND SEALED this date COPY _____

FEB 0 6 2018

**MICHAEL K. JEANES, CLERK OF COURT**

MICHAEL K. JEANES, CLERK
G. RAMIREZ
DEPUTY CLERK

By Deputy Clerk _____

_____

3

1  Ilya E. Lerma, Esq. (Bar 019573)
2  **LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**
   Mail: 610 East Bell Road, Suite 2-484
3  Phoenix, Arizona 85022
   Physical: 16624 N. 90th Street
4  Scottsdale, AZ 85260
   Phone: 602-899-3035
5  Fax: 602-899-3065
   Ilya@ilyalaw.com
6  *Attorney for Plaintiff*
7



COPY

FEB 0 6 2018

MICHAEL K. JEANES, CLERK
G. RAMIREZ
DEPUTY CLERK

8        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9           IN AND FOR THE COUNTY OF MARICOPA
10

11  JULIE ELIZABETH LOPEZ,
12              Plaintiff,                    Case No.:
                                          CV 2018-051557
13
14  vs.
15  GEICO INDEMNITY COMPANY, a foreign       **CERTIFICATE REGARDING**
    corporation; JOHN DOES and JANE DOES     **COMPULSORY ARBITRATION**
16  I-X; BLACK PARTNERSHIPS I-V;
17  WHITE COPORATIONS I-V,
                Defendant.
18

19       Undersigned counsel certifies pursuant to Ariz. R. Civ. Pro. 72(e) that the largest

20  award sought by the complainants, including punitive damages, but excluding interest,

21  attorneys' fees, and costs ***does*** exceed limits set by Local Rule for compulsory arbitration.
22
23  This case is ***not*** subject to the Uniform Rules of Procedure for Arbitration.

24  . . .
25
    . . .
26
27  . . .
28

1

1    Dated this 3rd day of February, 2018.

2

3

4                       **LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**

5

6                       Ilya E. Lerma, Esq.

7                       610 East Bell Road, Suite 2-484

8                       Phoenix, Arizona 85022
                         *Attorney for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1   Jennifer R. Erickson (No. 015045)
    E-mail: JRE@JHC.Law
2   JENNINGS, HAUG & CUNNINGHAM, L.L.P.
    2800 N. Central Avenue, Suite 1800
3   Phoenix, AZ 85004-1049
    Telephone: 602-234-7800
4   Facsimile: 602-277-5595

5   AZTurboCourt E-service and
    Court Documents: docket@JHC.Law

6   Attorneys for Defendant GEICO

7                           SUPERIOR COURT OF ARIZONA

8                               MARICOPA COUNTY

9   | JULIE ELIZABETH LOPEZ, | Case No.: CV2018-051557 |
10  | Plaintiff, | **ACCEPTANCE OF SERVICE** |
11  | vs. | (Assigned to the Honorable John Hannah) |
12  | GEICO INDEMNITY COMPANY, a foreign corporation; JOHN DOES and JANE DOES I-X; BLACK PARTNERSHIPS I-V; WHITE CORPORATIONS I-V, | |
13  | | |
14  | | |
15  | Defendant. | |

16

17      Undersigned counsel, on behalf of Defendant GEICO Indemnity Company

18  ("GEICO"), hereby acknowledges receipt of the Summons, Complaint and Certificate

19  Re: Compulsory Arbitration filed by the Plaintiff in this matter on or about February

20  6, 2018 and advises of her authority to accept service of these pleadings on behalf of

21  Defendant GEICO, as if service was made upon the Department of Insurance.

22      DATED this 5th day of March, 2018.

23                          JENNINGS, HAUG & CUNNINGHAM, L.L.P.

24                          _____
                            Jennifer R. Erickson
25                          Attorneys for Defendant GEICO Indemnity
                            Company
26

# EXHIBIT C

Jennifer R. Erickson - 015045
jerickson@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

Attorneys for Defendant GEICO Indemnity Company

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JULIE ELIZABETH LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO INDEMNITY COMPANY, A FOREIGN CORPORATION; JOHN DOES and JANE DOES I-X; BLACK PARTNERSHIPS I-V; WHITE CORPORATIONS I-V,<br><br>Defendant. | Case No.: CV2018-051557<br><br>**NOTICE OF FILING NOTICE OF REMOVAL**<br><br>(Assigned to the Honorable John Hannah) |

Defendant GEICO Indemnity Company, through undersigned counsel, and pursuant to 28 U.S.C. § 1441, *et seq.,* hereby notifies this Court that it filed a Notice of Removal of this action to the United States District Court for the District of Arizona.  A copy of the Notice of Removal (exclusive of exhibits) is attached as Exhibit A.

Dated this 4th day of April, 2018.

JENNINGS, STROUSS & SALMON, P.L.C.


By /s/ Jennifer R. Erickson
Jennifer R. Erickson
Attorneys for Defendant GEICO
Indemnity Company

6011684v1(88888.917)

Original of the foregoing was electronically
filed this 4th day of April, 2018, and copy
electronically served on:

Ilya E. Lerma, Esq.
Law Office of Ilya E. Lerma, Esq., LLC
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022
Ilya@ilyalaw.com
Attorneys for Plaintiff


/s/ Bonnie M. Simpson, Legal Assistant
Bonnie M. Simpson, Legal Assistant

2

6011684v1(88888.917)